**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mach 1 Air Services, Inc., <br><br>      Plaintiff, <br><br> vs. <br><br> Ralph Garcia and Jane Doe Garcia, <br><br>      Defendants. | No. CV-08-0911-PHX-FJM <br><br> **ORDER** <br><br><br> **[CONSOLIDATED]** |
| Mach 1 Air Services, Inc., <br><br>      Plaintiff, <br><br> vs. <br><br> Jim Wallace and Jane Doe Wallace, <br><br>      Defendants. | No. CV-08-0914-PHX-FJM |

In CV-08-0911, the court has before it defendants Ralph Garcia and Jane Doe Garcia's motion to dismiss (doc. 6), plaintiff's response (doc. 10), and the Garcias' reply (doc. 11). In CV-08-0914, the court has before it Jim Wallace and Jane Doe Wallace's motion to dismiss (doc. 7), plaintiff's response (doc. 14), and the Wallaces' reply (doc. 15). We consolidated these actions in our order of July 8, 2008 (doc. 12 in CV-08-0911).

**I**

The complaints in this consolidated action allege the following facts, which we take as true for purposes of these motions. Plaintiff Mach 1 Air Services, Inc. ("Mach 1") is a freight forwarding business incorporated under the laws of Arizona and based in Tempe, Arizona. Defendants Ralph Garcia and Jim Wallace are former Mach 1 employees who worked out of the company's offices in McAllen and San Antonio, Texas, respectively.

Garcia began working for Mach 1 in March 2006 as Regional Sales Manager. In his employment contract, Garcia agreed never to disclose or use any of the company's trade secrets except in furtherance of his duties as a Mach 1 employee. He also agreed not to solicit certain customers of Mach 1, or to work for any competitor in a "restricted area," for one year following termination of his employment. In March 2008, Garcia resigned from Mach 1 and began working for a direct competitor, On-Time Express.

Plaintiff alleges that upon joining On-Time, Garcia began to solicit Mach 1's customers and to use its confidential information. Based on these allegations, plaintiff asserts five claims against Garcia: breach of his employment contract (count one), breach of the covenant of good faith and fair dealing implied in the contract (count two), tortious interference with existing and prospective contractual relations with Mach 1 customers (count three), misappropriation of trade secrets (count four), and unfair competition (count five). Garcia moves to dismiss all counts pursuant to Rule 12(b)(6), Fed. R. Civ. P., contending that "there is a complete absence of any factual information [in the complaint] demonstrating any potential for relief." Doc. 6 in CV-08-0911 at 1.

Defendant Wallace began working for Mach 1 in March 2003 as Director of Sales–South Texas. Wallace entered into an employment contract very similar to the one later entered into by defendant Garcia. Wallace agreed not to work for any competitor in a restricted area for one year following termination of his employment and also agreed not to induce any other Mach 1 employee to terminate his or her relationship with the company during that time. Wallace left Mach 1 on July 30, 2007. Upon his departure, the company waived his contractual obligation not to work for a competitor, but advised him that he was

still obligated not to induce any other employees to leave the company for a year. Apparently, Wallace soon joined On-Time Express.

Plaintiff alleges that Wallace then induced Garcia to leave Mach 1 and join On-Time, and, as mentioned above, that Garcia proceeded to use Mach 1's confidential information to interfere with the company's existing and potential customer relationships. Based on these allegations, plaintiff asserts five claims against Wallace: breach of his employment contract (count one), breach of the covenant of good faith and fair dealing implied in the contract (count two), tortious interference with Garcia's employment contract (count three), aiding and abetting Garcia's tortious interference with Mach 1's existing and prospective contractual relations (count four), and unfair competition (count five). Like Garcia, Wallace moves to dismiss all counts pursuant to Rule 12(b)(6), Fed. R. Civ. P., contending that the complaint lacks sufficient facts and that "the operative allegations are wholly conclusory." Doc. 7 in CV-08-0914 at 1.

**II**

Upon a motion to dismiss a complaint pursuant to Rule 12(b)(6) for failure to state a claim, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Hydrick v. Hunter, 500 F.3d 978, 985 (9th Cir. 2007) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1974)). Under the notice pleading standard of the Federal Rules, a plaintiff is only required to provide "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1959 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)). A complaint need not contain detailed factual allegations, but it must plead "enough facts to state a claim to relief that is plausible on its face." Weber v. Dep't of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008) (quoting Twombly, 127 S. Ct. at 1974).

We first address the complaint against Garcia. The bulk of the complaint details Mach 1's business practices, the nature of Garcia's employment at Mach 1, and the terms of

his employment contract. The substantive claims hinge entirely on two sentences. First, the complaint alleges that "immediately upon his employment with On-Time, Garcia began to solicit many of the Mach 1 customers he serviced and many prospective customers he targeted," in breach of contract. Doc. 1 in CV-08-0911, Ex. 1 ¶ 36. Second, the complaint alleges that "Mach 1 is informed and believes that Garcia is using Confidential Information (as defined in the [employment] Agreement) to obtain business for On-Time and has disclosed such information to On-Time in violation of the terms of the Agreement." Id. ¶ 37.

The allegation of improperly soliciting customers, though it lacks detail, is sufficient to put Garcia on notice of the claim and allow him to frame a response. The allegation that Garcia improperly used confidential information is another matter. The complaint does not allege what kind or information he allegedly used or how. In fact, plaintiff admits that nothing in the complaint supports the claim other than Garcia's decision to leave Mach 1 for On-Time. According to plaintiff, "[i]t is implausible that Mr. Garcia did not rely upon confidential information when he took an almost identical position with a direct competitor." Doc. 10 in CV-08-0911 at 5–6. In other words, plaintiff alleges that Garcia inevitably must have used some kind of confidential information somehow at some point.

The factual allegations of the complaint are simply not enough to raise the confidential information claim "above the speculative level." Twombly, 127 S. Ct. at 1966. We do not suggest that plaintiff's claim has been brought in bad faith, but under plaintiff's reasoning, the mere existence of a confidential information agreement would permit a fishing expedition into the conduct of a competing former employee. Perhaps tellingly, plaintiff is not invoking the non-compete provision of Garcia's employment contract. A confidential information agreement should not be a substitute. Cf. Bed Mart, Inc. v. Kelly, 202 Ariz. 370, 374, 45 P.3d 1219, 1223 (Ct. App. 2002) ("[Non-compete agreements] are generally disfavored as restraints of trade.").

A pleading must contain more than a "statement of facts that merely creates the suspicion that the pleader might have a legally cognizable right of action." Twombly, 127 S. Ct. at 1965 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at

1 235 (3d ed. 2004)). Plaintiff's confidential information claim fails because it is not
2 substantiated by any allegation of fact beyond access to trade secrets and an opportunity to
3 use them. See Knights Armament Co. v. Optical Sys. Tech., Inc., No. 07-CV-1323, 2008
4 WL 2944649, at *5 (M.D. Fla. July 15, 2008) (relying on Twombly, dismissing complaint
5 alleging defendants had access to trade secrets with no further details how they allegedly
6 used them); Orthovita, Inc. v. Erbe, No. 07-2395, 2008 WL 423446, at *10 (E.D. Pa. Feb.
7 14, 2008) (using "pre-Twombly analysis," stating that a plaintiff must plead "what types of
8 trade secrets were revealed and to whom").

9 Accordingly, count four (misappropriation of trade secrets) and the four remaining
10 counts, insofar as they are based on the allegation that Garcia breached the confidentiality
11 provision, are dismissed. We disagree with defendants that plaintiff will necessarily be
12 unable to amend the complaint to state a claim. Because answers have not been filed,
13 plaintiff has leave to amend as a matter of course. Fed. R. Civ. P. 15(a)(1)(A).

14 Next we address the complaint against Wallace. Again, the complaint mostly recites
15 background information. The allegations of illegal conduct are extremely brief. First,
16 plaintiff alleges that "Wallace, on or about March 2008, directly or indirectly, solicited
17 [Garcia] to terminate his employment with Mach 1 and to undertake employment with On-
18 Time Express" and that Garcia did so. Doc. 1 in CV-08-0914, Ex. 1 ¶ 30–31. Second,
19 plaintiff alleges, as in the other complaint, that Garcia began to solicit Mach 1 clients and to
20 disclose confidential information in violation of his own employment contract. Id. ¶ 32.
21 Finally, plaintiff alleges that Wallace knew of the covenants in Garcia's contract. Id. ¶ 33.

22 The allegation that Wallace breached his own contract by soliciting Garcia to leave
23 Mach 1 is certainly specific enough for Wallace to frame a response. That allegation
24 purportedly gives rise to at least three of the five claims against Wallace. The claim that
25 Wallace aided and abetted Garcia's tortious interference with contract, and the unfair
26 competition claim against Wallace, appear to rely at least in part on the allegation that Garcia
27 disclosed confidential information. For the reasons stated above, that allegation has not been
28 sufficiently pled. Thus, the claims against Wallace for aiding and abetting (count four) and

1  unfair competition (count five) are dismissed insofar as they are based on the allegation that
2  Garcia breached the confidentiality provision of his employment contract.

### III

4  For the foregoing reasons, **IT IS HEREBY ORDERED GRANTING IN PART
5  AND DENYING IN PART** Ralph Garcia and Jane Doe Garcia's motion to dismiss (doc. 6
6  in CV-08-0911) and Jim Wallace and Jane Doe Wallace's motion to dismiss (doc. 7 in CV-
7  08-0914).  Claims in both complaints are dismissed insofar as they are they are based on the
8  allegation that defendant Garcia breached the confidentiality provision of his employment
9  contract.  Plaintiff shall have to and including August 25, 2008, in which to amend the
10 complaints.  As we have consolidated these actions, plaintiff may file a single consolidated
11 amended complaint that includes the allegations against all defendants.  If no amended
12 complaint is timely filed, defendants shall have to and including September 1, 2008, in which
13 to answer the original complaints.

14  DATED this 5th day of August, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 6 -